**FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **HIRAM RASOOL ABIFF, COLEEN W. ABIFF, MUHAMMAD AZIZ ABIFF, and ISMAIL ABRAHAM ABIFF,** | |
| **Plaintiffs,** | |
| **v.** | **Civil No. 2007-151** |
| **FATHI YUSUF MUHAMMAD YUSUF a/k/a FATHI YUSUF, SHAKIL BAIG, BILAL AL-AMEEN, ADMINISTRATIVE BODY a/k/a BOARD OF SHARIA AND SHURA OF MASJID NUR AHL-US-SUNNAH ISLAMIC CENTER, INC.,** | |
| **Defendants.** | |

**ATTORNEYS:**

**Hiram Rasool Abiff**
*Pro se plaintiff.*

**Coleen W. Abiff**
*Pro se plaintiff.*

**Muhammad Aziz Abiff**
*Pro se plaintiff.*

**Ismail Abraham Abiff**
*Pro se plaintiff.*

**George Marshall Miller, Esq.**
St. Thomas, U.S.V.I.
*For the defendants.*

**MEMORANDUM OPINION**

**GÓMEZ, C.J.**

Before the Court is the motion of the defendants, Fathi

Yusuf Muhammad Yusuf a/k/a Fathi Yusuf ("Yusuf"), Shakil Baig ("Baig"), Bilal Al-Ameen ("Al-Ameen"), Administrative Body a/k/a Board of Sharia and Shura of Masjid Nur Ahl-Us-Sunnah Islamic Center, Inc. (collectively referred to as the "Defendants") to dismiss the complaint of *pro se* plaintiffs Hiram Rasool Abiff, Coleen W. Abiff, Muhammad Aziz Abiff and Ismail Abraham Abiff (collectively referred to as the "Plaintiffs").

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This action arises out of a dispute among members of a religious center located on St. Thomas, U.S. Virgin Islands over control of a bank account.[1]

It appears from the Complaint that the Plaintiffs are members of the Masjid Nur Ahl-Us-Sunnah Islamic Center (the "Center"), a tax-exempt entity organized under 26 U.S.C. 501(c)(3) of the Internal Revenue Code ("section 501(c)(3)").[2]

---

[1] The Plaintiffs have brought this action *pro se*. As such, the Court has an obligation to hold the Plaintiffs' pleadings "to a less stringent standard than pleadings from attorneys." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* litigant's "ignorance of the law or failure to seek legal advice" is no excuse for noncompliance with legal and procedural requirements. *Lee v. Thompson, P.A.*, 163 Fed. Appx. 142, 144 (3d Cir. 2006) (quoting *Hyman Zamft and Manard, L.L.C. v. Cornell*, 707 A.2d 1068, 1071 (N.J. Super. App. Div. 1999)); *see also Faretta v. Calif.*, 422 U.S. 806, 835 n.46 (1975) (noting that self-representation "is not a license [excusing compliance] with relevant rules of procedural and substantive law").

[2] Section 501(c)(3) provides:

The Plaintiffs allege that defendant Yusuf donated $400,000 to the Center for the construction of a mosque. The Plaintiffs further allege that Yusuf and defendant Baig are the sole signatories of a Merrill Lynch account (the "ML Account") opened under the Center's name and into which the donation was deposited. According to the Plaintiffs, members of a section 501(c)(3) organization are prohibited from being the signatories of accounts opened in a 501(c)(3) organization's name. Thus, allege the Plaintiffs, Yusuf's and Baig's control over the ML Account constitutes a threat to the Center's tax-exempt status.[3]

---

> (c) List of exempt organizations. The following organizations are referred to in subsection (a):
> . . . .
> (3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.

26 U.S.C. § 501(c)(3).

[3] The Plaintiffs allege that they received a letter from the Virgin Islands Bureau of Internal Revenue (the "VI BIR")

That threat, the Plaintiffs further allege, violates their First Amendment right to freedom of religion. Finally, the Plaintiffs allege that the Center's officers and directors have violated their fiduciary duties and the Center's bylaws by failing to remove the Defendants' names from the ML Account.

Consequently, the Plaintiffs brought this action for, *inter alia*, (1) a declaration by this Court whether a member of a section 501(c)(3) organization may donate funds to the organization while retaining control over those funds; and (2) an injunction requiring the Defendants to remove their names from the ML Account and preventing them from taking any action that could endanger the Center's tax-exempt status.[4]

The Plaintiffs assert that jurisdiction over this matter is appropriate in this Court because their claims arise under 42 U.S.C. § 1983 ("section 1983"), based on alleged violations of their First Amendment right to freedom of religion. *See* 28 U.S.C. § 1331.

The Defendants now move to dismiss this action pursuant to

---

stating that funds donated to the Center must be kept as part of the Center's finances and spent by the Center.

[4] The Plaintiffs also request a hearing on whether the Center is in danger "of being labeled part of a money laundering scheme," and seek an injunction to compel the Defendants to turn over control of the ML Account to the Center's treasurer. (Compl. at 5.)

Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiffs have filed an opposition, in which, in large part, they merely restate the allegations in their complaint.

## II. DISCUSSION

### A. Rule 12(b)(1) Standard

A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

### B. Rule 12(b)(6) Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), all material allegations in the complaint are taken as

admitted, and the Court must construe all facts in a light most favorable to the non-moving party. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hartford Fire Ins. Co. v. Cal.*, 509 U.S. 764, 810 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

The Defendants first contend that this Court does not have jurisdiction over the claims asserted in the complaint. In support of that contention, the Defendants argue that the complaint "does not raise a question of the construction or effect of [section 501(c)(3)] [or] a question of Plaintiffs' rights or immunities under said statute[]." (Defs.' Mem. of Law in Supp. of Mot. to Dismiss 3.) The Defendants have not filed an answer in this matter. Consequently, their challenge to this Court's subject-matter jurisdiction is a facial one, and the Court takes all of the Plaintiffs' allegations as true. *See Mortensen*, 549 F.2d at 891-92.

To determine whether a case arises under federal law, courts must look to the plaintiff's well-pleaded complaint. *U.S. Express*

*Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). A case arises under federal law if a right or immunity created by the Constitution or laws of the United States is an essential element of the plaintiff's cause of action. *Christianson v. Colt Ind. Operating Corp.*, 486 U.S. 800, 809 (1988). For jurisdictional purposes, the Court does not concern itself with the question whether a plaintiff will ultimately be successful on the merits of his claims. *See id.* (citing *Bell v. Hood*, 327 U.S. 678, 681-82 (1946)). Rather, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

Here, the Plaintiffs allege violations of their rights arising under the First Amendment of the United States Constitution and section 1983, a federal statute. Accordingly, the Court will assume subject-matter jurisdiction. Thus, dismissal under Rule 12(b)(1) is inappropriate. *See, e.g.*, *Local Union No. 98, IBEW v. Morris*, Civ. No. 04-1988, 2004 U.S. Dist. LEXIS 13156, at *11 (E.D. Pa. July 9, 2004) (finding that because

"the claim arises under federal law, . . . we may properly exercise jurisdiction"); *Indeck Me. Energy, L.L.C. v. ISO New Eng. Inc.*, 167 F. Supp. 2d 675, 690 (D. Del. 2001) (denying a motion to remand to the state court for lack of subject-matter jurisdiction where the plaintiffs claims arose under federal law).

The Defendants also assert that dismissal of the Plaintiffs' claims is warranted under Rule 12(b)(6). The Plaintiffs appear to allege three main claims: (1) a section 1983 claim based on First Amendment violations; (2) a claim based on a violation of section 501(c)(3); and (3) a claim of breach of fiduciary duty. Each of these claims is addressed in turn.

"To state a claim under section 1983,[5] a plaintiff must allege the violation of a right secured by the Constitution and

---

[5] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (Lexis 2008).

laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division*, 411 F.3d 427, 433 (3d. Cir. 2005) (noting that plaintiffs must demonstrate "(1) of what constitutional or federal right [they were] deprived, and (2) how [they were] deprived of that right under color of state law").

In this matter, the first element of a 1983 claim is met because the Plaintiffs adequately allege that they have been deprived of a right guaranteed by the First Amendment. The Plaintiffs have failed, however, to make any allegation whatever that the Defendants have deprived them of that right while acting under color of state law. Therefore, the second element of a section 1983 claim is lacking. Even the most generous reading of the complaint falls far short of making such a showing. *See, e.g.*, *Chapman v. Acme Mkts*, Civ. No. 97-6642, 1998 U.S. Dist. LEXIS 2402, at *5 n.1 (E.D. Pa. Feb. 24, 1998) (reasoning that even under a "less exacting" pleading standard, Rule 12(b)(6) does not excuse a plaintiff's "failure to plead facts sufficient to allege a critical element of his cause of action") (citing *Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 168 (1993)); *see also Pope v. Rostraver Shop & Save*, Civ. No. 06-1009, 2007 U.S. Dist. LEXIS 17770, at *7 (W.D. Pa. Mar. 9, 2007) (dismissing a section 1983 claim where "the facts as alleged in [the] complaint fail to show that the store and its employee acted under color of state law"). Accordingly, the Plaintiffs' section 1983 claim will be dismissed pursuant to Rule 12(b)(6).

The Plaintiffs' second claim asks for a declaration from this Court that the Defendants are in violation of section 501(c)(3) of the Internal Revenue Code on account of their alleged control of the ML Account held in the Center's name. The Court is unaware of any cause of action arising out of such conduct that exists under section 501(c)(3). Accordingly, the Plaintiffs' section 501(c)(3) claim will likewise be dismissed.

The Plaintiffs' remaining claim alleges a breach of fiduciary duty. That claim arises under local law. There is no evidence that the parties in this matter are diverse, thus making 28 U.S.C. § 1332 inapplicable. There is therefore no independent basis upon which to invoke this Court's jurisdiction over the Plaintiffs' breach of duty fiduciary duty claim. Accordingly, the Court must determine whether to exercise supplemental jurisdiction over that claim.

A district court may exercise supplemental jurisdiction

"where state-law claims share a common nucleus of operative fact with the claims that supported the district court's original jurisdiction." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) (international quotations omitted). However, the exercise of supplemental jurisdiction is a matter of discretion. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"). Pursuant to 28 U.S.C. § 1367(c)(3), "the district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *See, e.g., Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 181 (3d Cir. 1999) ("We find that the court acted well within its discretion in dismissing [the plaintiff's] remaining territorial claims, as it had dismissed the Title VII claim that provided the court with its jurisdiction.").

The Court finds that the local claim asserted in this matter is better left to the Superior Court of the Virgin Islands. Accordingly, the Court will decline to exercise supplemental jurisdiction over that claim. *See, e.g., Boyd v. Rockwood Area Sch. Dist.*, 105 Fed. Appx. 382, 384 (3d Cir. 2004) (affirming the district court's decision not to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims

after having dismissed their section 1983 claims under Rule 12(b)(6)); *see also Sapphire Beach Resort & Marina Condo. Ass'n v. Pacheco-Bonanno*, Civ. No. 2002-50, 2007 U.S. Dist. LEXIS 94337, at *15-16 (D.V.I. Dec. 20, 2007) (declining to exercise supplemental jurisdiction because "the dispute that gives rise to this action is better handled by the local courts").

**IV. CONCLUSION**

For the reasons stated above, the motion to dismiss the complaint in this matter will be granted. An appropriate judgment follows.

**S_____________________**
**Curtis V. Gómez**
**Chief Judge**

copy: Hiram Rasool Abiff, *pro se*
Coleen W. Abiff, *pro se*
Muhammad Aziz Abiff, *pro se*
Ismail Abraham Abiff, *pro se*
George Marshall Miller, Esq.